

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

TEXAS HEALTH RESOURCES,          §
                                 §
         Plaintiff,              §
                                 §
VS.                              §   NO. 4:13-CV-1013-A
                                 §
AETNA HEALTH INC.,               §
                                 §
         Defendant.              §

### MEMORANDUM OPINION
and
### ORDER

Before the court for consideration and decision is the
motion of plaintiff, Texas Health Resources, to remand.  After
having considered such motion, the response of defendant, Aetna
Health Inc., plaintiff's reply, plaintiff's complaint[1], and
pertinent legal authorities, the court has concluded that such
motion should be granted.

### I.

### Background

A.   The Complaint

Plaintiff initiated the above-captioned action by the filing
of its complaint on November 20, 2013, in the District Court of
Tarrant County, Texas, 17th Judicial District, seeking recovery
from defendant of statutory penalties, statutory interest, and

---

[1]Consistent with Texas state court practice, the pleading by which plaintiff initiated this action is
titled "Plaintiff's Original Petition."  However, consistent with federal practice, the court is referring to
the pleading in this memorandum opinion and order as a "complaint."

attorney's fees for alleged violations by defendant of the Texas Prompt Pay Act ("Act"), which is found in chapters 843 and 1307 of the Texas Insurance Code.  The alleged factual bases for plaintiff's claims are that:

Plaintiff entered into one or more contracts with defendant. Defendant was required to pay plaintiff on a timely basis consistent with the Texas Prompt Pay Act.  Plaintiff electronically submitted "clean claims" to defendant, which defendant paid, but failed to timely pay as required by the Act.

B.   Removal of Action to this Court

On December 23, 2013, defendant filed its notice of removal, causing the action to be removed to this court.  Defendant alleged that this court had federal law subject matter jurisdiction, thus making the removal proper, for the reason that "[t]he Complaint necessarily raises a federal claim in character because ERISA completely preempts certain state law claims . . ." Notice of Removal at 2, ¶ 5.  The claims asserted in the complaint that defendant claims were preempted were described in the notice of removal as follows:

> 6.   THR alleges in the Complaint that Aetna wrongfully "failed to comply" with certain requirements "with respect to payments for health care services provided by THR to covered patients," whose medical coverage is purportedly provided by health care plans issued and/or administered by Aetna. . . .

> 7.   Most of the "covered patients" described in
> the Complaint were participants or beneficiaries in
> employer-funded employee welfare benefits plans
> governed by ERISA.   Furthermore, THR's pre-lawsuit
> demand to Aetna dated September 23, 2013 ("THR's
> Demand"), identified the medical claims that THR
> alleges "were paid late" by Aetna.   Included in THR's
> Demand were certain medical claims that were denied
> based upon coverage determinations made by Aetna under
> the terms of the member's ERISA plan.   THR is not
> entitled, however, to payment for its services under
> the provider agreement if the service [sic] are not
> "covered" under the members' plan.   As such, THR is
> complaining about Aetna's coverage determinations made
> on several medical claims for which THR is seeking
> member benefits that are available, if at all, under
> the terms of the underlying ERISA plans.

Id. at 2-3, ¶¶ 6-7 (footnotes omitted).

As a further basis for defendant's claim of complete ERISA

preemption, defendant alleged that:

> 8.   As an assignee of the patients' rights to any
> benefits available under the ERISA plans--demonstrated
> by the medical-claim information that THR
> "electronically submitted" to Aetna--THR could have
> asserted the complaints about Aetna's coverage
> determination under the relevant plans pursuant to the
> civil enforcement provisions of ERISA.   Therefore,
> THR's claims in this lawsuit are not based on any duty
> independent of ERISA or the ERISA plans' respective
> terms, and THR has asserted state law claims that are
> completely preempted by ERISA's civil enforcement
> scheme codified at 29 U.S.C. § 1132(a).

Id. at 3, ¶ 8 (footnotes omitted).

C.   The Motion to Remand

On January 6, 2014, plaintiff filed its motion to remand,

denying that its complaint raised any federal question.

3

According to plaintiff, none of the claims upon which it sued were brought in the capacity of an assignee of a claim held by an ERISA plan member and that it brought no claims against defendant based on an alleged denial of claims.  Plaintiff alleged that it brought claims under the Act against defendant only for medical expense claims that were paid by defendant, but were paid late. And, plaintiff emphasized that it brought the claims pursuant to rights plaintiff had under the Act by reason of plaintiff's contractual privity with defendant.

In direct response to defendant's assertion that plaintiff was seeking to recover damages related to medical claims that were denied by defendant based on coverage determinations made under the terms of ERISA plans, plaintiff denied making any such claim in its complaint.  Plaintiff explained that defendant is making such an assertion based on the fact that included in a list of 8,517 late-paid claims that plaintiff presented to defendant during pre-suit settlement discussions were three denied claims that, according to plaintiff, apparently were inadvertently included.  Plaintiff noted that its "state-court pleading alleges only late-paid claims, and statutory provisions requiring the claim to be 'payable,'" Mem. in Supp. of Mot. to Remand at 3, ¶ 8, with the consequence that there is no basis for

an argument that it is seeking recovery related to any denied
ERISA claim.

D.    Defendant's Response

As plaintiff anticipated, defendant calls the court's
attention to three claims included in the 8,517 claim list that
plaintiff submitted to defendant pre-suit which involved denial
to an ERISA plan participant of benefits.  Resp. at 8-13.
Defendant explained that it "highlighted three exemplar claims"
but "could have highlighted scores of others, and will do so if
the Court requests."  Id. at 9.

Defendant made the added points in its response that
plaintiff does not dispute that the medical benefit plans
underlying the claims identified in defendant's notice of removal
are ERISA plans that involve participants and beneficiaries of
ERISA plans or that plaintiff, by virtue of assignments it has
taken from members of ERISA plans, has standing to make ERISA
claims against defendant.  Defendant seems to argue from those
facts that plaintiff's claims, therefore, necessarily constitute
causes of action within the scope of the civil enforcement
provisions of ERISA, causing them to be removable to federal
court.  Id. at 7.

E.    Plaintiff's Reply

Plaintiff replied that it consistently has denied that it is seeking damages based on any benefit determinations made by defendant, and that it has "specifically and repeatedly disavowed that it is bringing such claims in this case." Reply at 3-4.

In response to defendant's argument related to plaintiff's status as assignee of claims of ERISA beneficiaries, plaintiff pointed out that it is not bringing this suit as an assignee of any claim, but, instead, is bringing this suit for recovery of damages under the Act because of the direct contractual relationship between plaintiff and defendant.

As to the contention by defendant that complete preemption exists by virtue of the inclusion by plaintiff in its pre-suit 8,517 untimely claim payment list of three claims that involved scope of coverage issues that led to denials of payment, plaintiff called the court's attention to the contents of a January 21, 2014 letter from counsel for plaintiff to counsel for defendant (which is found in the appendix to defendant's response) in which plaintiff responded to the arguments made by defendant relative to inclusion of those claims denials in the list, saying, inter alia, that:

>        These are claims the Plaintiff has never made, and
> to the extent you believe they somehow are contained
> within either Settlement Claim Spreadsheet, they are

hereby abandoned, and Plaintiffs concede they will be judicially estopped from ever making TPPA claims with respect to them.

In this vein, if you locate in this spreadsheet a late-pay claim line that you believe references a medical claim made by Plaintiff as an assignee of a plan member's claim when Plaintiff did not have an underlying preferred provider contract with Aetna, please let me know and if the evidence supports it, that claim line will be removed.  Likewise, if you locate in this spreadsheet a late-pay claim line that you believe references a medical claim made by Plaintiff that Aetna denied by virtue of a plan coverage determination, please let me know and if the evidence supports it, that claim line will be removed as well.

Resp., App. at 62 (footnote omitted).

## II.

## Analysis

A.   Pertinent Legal Principles

1.   The Presumption Against Existence of Federal Court Removal Jurisdiction

The party invoking federal court removal jurisdiction bears the burden of establishing federal court jurisdiction over the state court suit.  Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365 (5th Cir. 1995); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  "[B]ecause the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . ."  Carpenter, 44 F.3d at 365.  Therefore, strict construction of the

removal statute is mandated. Id. at 366. When removal is sought under 28 U.S.C. § 1441(a) based on federal question jurisdiction, as it was in the instant action, the right of removal depends on the existence of a claim or claims in the state court action arising under the Constitution, laws, or treaties of the United States. Id. Remand is the proper course if there is any doubt about the existence of jurisdiction. Delgado v. Shell Oil Co., 890 F. Supp. 1324, 1341 (S.D. Tex. 1995).

    2.   The Well-Pleaded Complaint Rule

Generally, whether federal question jurisdiction exists is determined under the "well-pleaded complaint" rule. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). That is, the existence of federal question jurisdiction is determined solely from what appears on the face of the plaintiff's complaint. Id. at 10; Willy, 855 F.2d at 1165. "[A] case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987). "The [well-pleaded complaint] rule makes the plaintiff the master of the claim; he or she may avoid

federal jurisdiction by exclusive reliance on state law". <u>Id</u>. at
392.

    3.   <u>The Complete Preemption Exception to the Well-Pleaded
        Complaint Rule</u>

    An exception to the well-pleaded complaint rule exists where
there is <u>complete</u> preemption of the state law claim by federal
law. <u>Id.</u> at 393. Complete preemption applies only in
extraordinary circumstances when Congress intends not only to
preempt certain state law, but to replace it with federal law.
<u>Metropolitan Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 66 (1987);
<u>Willy</u>, 855 F.2d at 1165. It requires a clearly manifested
congressional intent to make causes of action removable to
federal court. <u>Aaron v. Nat'l Union Fire Ins. Co.</u>, 876 F.2d
1157, 1163 (5th Cir. 1989); <u>Willy</u>, 855 F.2d at 1166. In
<u>Caterpillar</u>, the Supreme Court explained:

> On occasion, the Court has concluded that the pre-
> emptive force of a statue is so extraordinary that it
> converts an ordinary state common-law complaint into
> one stating a federal claim for purposes of the well-
> pleaded complaint rule. Once an area of state law has
> been completely pre-empted, any claim purportedly based
> on that pre-empted state law is considered, from its
> inception, a federal claim, and therefore arises under
> federal law. If a federal cause of action completely
> pre-empts a state cause of action any complaint that
> comes within the scope of the federal cause of action
> necessarily "arises under" federal law.

482 U.S. at 393 (citation, footnote, and internal quotation marks
omitted).

The Supreme Court emphasized in <u>Caterpillar</u> that:

> [T]he presence of a federal question . . . in a
> defensive argument does not overcome the paramount
> policies embodied in the well-pleaded complaint rule--
> that the plaintiff is the master of the complaint, that
> a federal question must appear on the face of the
> complaint, and that the plaintiff may, by eschewing
> claims based on federal law, choose to have the cause
> heard in state court . . . . a *defendant* cannot, merely
> by injecting a federal question into an action that
> asserts what is plainly a state-law claim, transform
> the action into one arising under federal law, thereby
> selecting the forum in which the claim shall be
> litigated.  If a defendant could do so, the plaintiff
> would be master of nothing.  Congress has long since
> decided that federal defenses do not provide a basis
> for removal.

<u>Id.</u> at 398-99 (footnote omitted).

A conclusion that follows from the foregoing is that for
defendant to succeed in its contention that there has been a
complete preemption that causes this court to have removal
jurisdiction over the instant action it would be required to
satisfy its burden to demonstrate that at least one of the claims
alleged by plaintiff in its complaint comes within the scope of a
federal cause of action.

4.   <u>ERISA Preemption</u>

ERISA's preemption clause says that ERISA supersedes "any
and all State laws insofar as they may now or hereafter relate to
any employee benefit plan. . . ." 29 U.S.C. § 1144(a).  State-
law causes of action are preempted by § 1144(a) if (1) the state

law claim addresses an area of exclusive federal concern, such as

the right to receive benefits under the terms of an ERISA plan;

and (2) the claim directly affects the relationship between the

traditional ERISA entities--the employer, the plan and its

fiduciaries, and the participants and beneficiaries.  <u>Weaver v.</u>

<u>Employers Underwriters, Inc.</u>, 13 F.3d 172, 176 (5th Cir. 1994).

It often has been said that the language of the ERISA preemption

clause is deliberately expansive, having been construed broadly

by federal courts.  <u>Dowden v. Blue Cross & Blue Shield of Tex.,</u>

<u>Inc.</u>, 126 F.3d 6431, 643 (5th Cir. 1997).  A rule that has been

applied under that broad standard is that a state cause of action

relates to an employee benefit plan whenever it has a connection

with or reference to such a plan.  <u>Id</u>.

More recently, the Supreme Court provided in <u>Aetna Health,</u>

<u>Inc. v. Davila</u> the following explanation:

> [A]ny state-law cause of action that duplicates,
> supplements, or supplants the ERISA civil enforcement
> remedy conflicts with the clear congressional intent to
> make the ERISA remedy exclusive and is therefore pre-
> empted.

542 U.S. 200, 209 (2004).  The Supreme Court went on to discuss

in <u>Davila</u>, that:

> [T]he ERISA civil enforcement mechanism is one of
> those provisions with such extraordinary pre-emptive
> power that <u>it converts an ordinary state common law</u>
> <u>complaint into one stating a federal claim for purposes</u>
> <u>of the well-pleaded complaint rule</u>.  Hence, <u>causes of</u>

11

<u>action within the scope of the civil enforcement
provisions of § 502(a) are removable to federal court</u>.

<u>Id.</u> (emphasis added) (citation and internal quotation marks
omitted).

B.  <u>Defendant Has Not Persuaded the Court that Any Part of
    Plaintiff's Claims are Completely Preempted</u>

Plaintiff did not plead anything in its complaint that
implicates any area of exclusive federal concern addressed by
ERISA, such as the right to receive benefits under the terms of
an ERISA plan.  Rather, the complaint alleged no more than a
right under a Texas statute to recover penalties based on
obligations owed by defendant to plaintiff pursuant to the
statute, when considered in the context of a contract between
plaintiff and defendant.  Nor did plaintiff make any allegation
from which the court can infer that plaintiff's claims against
defendant directly affect the relationship between the
traditional ERISA entities--the employer, the plan and its
fiduciaries, and the participants and beneficiaries.

The claims asserted by plaintiff under the Act do not
duplicate, supplement, or supplant the ERISA civil enforcement
remedy.  Plaintiff's claims are calculated to do no more than to
enforce a Texas statute that became applicable to the
relationship between plaintiff and defendant by virtue of their
contractual relationship.

12

Much less has plaintiff pleaded any claim that could be converted into a claim stating an ERISA cause of action. Thus, defendant has not persuaded the court that any cause of action alleged by plaintiff is within the civil enforcement provisions of 29 U.S.C. § 1132 and thus removable to federal court by reason of complete ERISA preemption.

Even if the court were to conclude that ERISA has a preemptive effect of some kind on plaintiff's claims, defendant has not persuaded the court that the preemption would be complete in the sense that it would bring about an exception to the well-pleaded complaint rule. The court does not need to determine whether there is a plausible argument that plaintiff's claims have a preemptive effect inasmuch as mere preemption does not form a valid basis for removal of an action from state court to federal court. See Caterpillar, 482 U.S. at 398 ("[t]he fact that a defendant might ultimately prove that a plaintiff's claims are pre-empted . . . does not establish that they are removable into federal court"). See also Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 337 (5th Cir. 1999).

A Fifth Circuit opinion involving facts somewhat analogous to those presented here is Lone Star OB/GYN Assocs. v. Aetna Health, Inc., 579 F.3d 525 (5th Cir. 2009). Lone Star brought a state-court action against Aetna alleging violation of the Texas

13

statutes governing prompt payment of health insurance claims.
Aetna removed the action to federal court on preemption grounds.

Lone Star, a health care provider, had entered into a
contract with Aetna, as administrator of several employee welfare
benefit plans regulated by ERISA (a "Provider Agreement"). Lone
Star sued Aetna alleging that Aetna had not paid Lone Star's
payment claims at the rates set out in their contract and within
the time period required by the same Act upon which plaintiff
bases its claims against defendant in the instant action.

When Aetna removed Lone Star's suit to federal court, Aetna
pointed to claims included in Lone Star's suit that were
preempted by ERISA because Aetna had denied coverage as to those
claims. Lone Star then sought leave to amend its pleadings to
remove those claims. The district court granted leave to amend,
and then, once the pleading was amended, remanded the remaining
claims to state court pursuant to the discretionary authority
given the district court by 28 U.S.C. § 1367 to remand state law
claims over which the federal court has only supplemental
jurisdiction. The district court apparently concluded that the
wording of the complaint at the time of removal caused the
district court to have removal jurisdiction because some of the
claims were completely preempted by ERISA, and that once those
claims were removed by the amended pleading, the court had

discretion to remand the remaining claims.  The holding of the
Fifth Circuit that is so pertinent to the instant action was as
follows:

> We hold that claims for underpayment under the Provider
> Agreement which do not implicate coverage
> determinations under the terms of the relevant plan,
> are not preempted under ERISA.

Id. at 533.  The Fifth Circuit reversed and remanded, but for the
limited purpose "to determine whether any of the payment claims
submitted by Lone Star implicate a coverage determination under
the plan and thus a federal issue under ERISA."   Id.

Applying the Lone Star holding to the instant action, in
order to avoid a remand, Aetna was required to show that claims
asserted by plaintiff in this action implicated coverage
determinations under the terms of the relevant ERISA plans.
Defendant has failed to do that, with the consequence that it has
failed to show that any of plaintiff's claims are completely
preempted under ERISA.

More to the point, defendant has failed to carry its burden
to demonstrate to the court that federal court removal
jurisdiction existed as to this action when defendant removed it
to this court.

15

III.

Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, granted and that the above-captioned action be, and is hereby, remanded to the state court from which it was removed.

SIGNED February 12, 2014.

JOHN McBRYDE
United States District Judge

16